UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20687-CIV-MORENO

ANA ALVAREZ,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DISMISSING ONE CLAIM OF PETITION FOR WRIT OF HABEAS CORPUS

Petitioner requests the Court grant the Petition for Writ of Habeas Corpus claiming her trial counsel was ineffective because he did not file a motion to recuse the undersigned. Now, Petitioner claims recusal was appropriate, claiming that because the Judge's daughter worked for the United States Department of Justice in Washington, DC, an agency that employs a large number of attorneys nationwide, the Judge should have recused in a case prosecuted by the same department. Because there were no grounds for recusal in this case, trial counsel could not have been ineffective for failure to file the motion to recuse. Accordingly, the Court finds that the Petitioner's first ground for relief fails to satisfy the standard for a finding that counsel was ineffective. The Court orders the Government to respond to the second claim for ineffective assistance of counsel by no later than **May 30, 2012**.

### I. BACKGROUND

Dr. Ana Alvarez was an employee at St. Jude Rehabilitation Center, an HIV treatment center, that was established as a front for a massive Medicare scam. Dr. Alvarez was convicted for her role

in the fraud. She falsely diagnosed HIV positive Medicare beneficiaries with a condition that would justify treatments of WinRho, an expensive drug that Medicare would then reimburse to St. Jude. Because the patients did not actually need WinRho, the clinic would purchase only a small fraction of the drugs, for which it had billed Medicare. During this scam, St. Jude received more than $8 million from Medicare. A jury convicted Dr. Alvarez for her role in this scam for conspiracy to defraud the United States, to cause the submission of false claims, to pay health care kickbacks, and conspiracy to commit health care fraud. The Court sentenced Dr. Alvarez to 30 years' imprisonment. The Eleventh Circuit has affirmed both the conviction and the sentence. *United States v. Mateos*, 623 F.3d 1350 (11th Cir. 2010).

Now, before the Court, is Dr. Alvarez's Petition for Writ of Habeas Corpus. Dr. Alvarez claims that her counsel was ineffective in failing to file a motion to recuse the undersigned due to his daughter, Cristina Moreno's employment at the Department of Justice, a government agency with over forty subdivisions and attorneys that number in the thousands. *See* Attached Organizational Chart. The Court notes that during the pendency of this case, Cristina Moreno had no involvement in the prosecution of Dr. Alvarez, directly, indirectly or otherwise. Cristina Moreno was assigned by the Department of Justice's Organized Crime Unit, which subsequently was combined with the Gang Unit to try cases in the Central District of California. She never appeared in the Southern District of Florida, nor was she assigned to a health care fraud case in the Southern District of Florida. She has not appeared in any case before the undersigned.

## II. LEGAL ANALYSIS

The issue is whether the failure to file a motion to recuse amounts to ineffective assistance

of counsel. To establish ineffective assistance of counsel, the Court applies the two-part test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court recently reiterated this test in *Lafler v. Cooper*, 2012 WL 932019 (Mar. 21, 2012). It said: "The performance prong of *Stickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler*, 2012 WL 932019, at *5 (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) and quoting *Strickland*, 466 U.S. at 688). To establish the second part of the test, prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional effors, the result of the proceeding would have been different." *Id.,* 2012 WL 932019, at *5 (quoting *Strickland*, 466 U.S. at 694). The issue in this case is whether counsel's failure to file a motion to recuse would meet this standard for ineffective assistance of counsel. The Court finds it does not meet the standard as federal law on judicial disqualification is clear that recusal would not have been appropriate in this case.

A. *Strickland*'s Performance Prong

To determine whether "counsel's representation fell below an objective standard of reasonableness," the Court examines recusal law. Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 2009 WL 977313, *3 (11th Cir. April 13, 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). 28 U.S.C. § 455(b)(5) requires a United States Judge to recuse if a "person within the third degree of relationship to [the judge] . . . is known by the judge to have an interest that could

be substantially affected by the outcome of the proceeding[.]" More generally, section 455(a) requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Federal courts have analyzed the issue of the effect of a daughter's employment in the context of whether to recuse under either §§ 455 and 144. Routinely, courts have found that a District Judge's daughter's employment did not provide a reasonable basis to question the judge's impartiality. *N. Am. Co. for Life and Health Ins., v. Hoh*, 334 Fed. Appx. 586, 589 (4th Cir. 2009) (finding that judge's daughter's prospective employment with law firm representing a party in a case is "nothing more than the sort of 'highly tenuous speculation that fails to merit recusal."). "[E]mployment relationship between a party and a judge's son or daughter does not per se necessitate a judge's disqualification." *In re Kansas Pub. Employees Retirement Sys.*, 85 F.3d 1353, 1364 (8th Cir. 1996). In *In re KPERS*, the Eighth Circuit affirmed a judge's decision not to recuse when his daughter accepted an employment offer from a law firm, which represented a party in the action before him. In affirming the decision, the Eighth Circuit noted that the judge's daughter was not involved in the case and was a salaried associate with traditional employee benefits such that she would not be substantially benefitted by the outcome of the case. *Id.*, 85 F.3d at 1364; *Sw Bell Tel. Co. v. Fed. Commc'ns Comm'n*, 153 F.3d 520, 522 (8th Cir. 1998).

Recusal is also not automatically required where the judge's child is employed by a party to the dispute. *Id.*, 153 F.3d at 522 (quoting *Datagate, Inc. v. Hewlett-Packard, Co.*, 941 F2d 864, 871 (9th Cir. 1991)), (holding that although judge's son participated in a profit-sharing plan of the defendant Hewlett-Packard, Co., neither his financial interest nor his employment status would be

affected by the resolution of the litigation before his father). In the context of a daughter working in a large governmental agency in a different district than the Judge, the arguments for a recusal of a parent Judge are even weaker.

Mindful of this precedent, this Court cannot conclude that *Strickland*'s performance prong is met on this issue of failure to request the Judge to recuse. The Judge's daughter's employment as an attorney with the Department of Justice in Washington, DC is as a salaried employee. She was not at all involved in the prosecution of this case, nor was the Organized Crime/Gang Unit involved. At the time of this trial, the Judge's daughter was assigned to trial work in the Central District of California. Moreover, the Department of Justice employs personnel in the thousands and has over forty subdivisions. Surely, an informed, reasonable observer would not doubt the judge's impartiality, especially where as here, one defendant was acquitted and the other convicted with Dr. Alvarez sentenced within the guidelines. Dr. Alvarez was the only defendant sentenced above the guidelines for the reasons stated in open Court and later affirmed by the Eleventh Circuit Court of Appeals. *United States v. Mateos*, 623 F.3d at 1350. To put it bluntly, if the Court were required to recuse in this case due to Cristina Moreno's employment at the Department of Justice in Washington, DC, the Court would be required to recuse in all criminal prosecutions. "A judge who cannot be expected to remain impartial through trivial matters such as this should not be sitting even when his family is unaffected." *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1230.

Having found that recusal was not warranted in this case, the failure of trial counsel to move for recusal cannot be considered "ineffective assistance of counsel." Counsel's failure to file a motion to recuse did not fall below an objective standard of reasonableness. The remaining claims

within the Petition will be referred to Magistrate Judge Alicia M. Otazo-Reyes to issue a Report and Recommendation.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of April, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record